Keith D. Cable, Esq., CA SBN 170055
SCHWARTZ, ZWEBEN & ASSOCIATES, LLP
785 Orchard Drive, Suite 200
Folsom, CA 95630
Telephone:   (916) 984-5483
Facsimile:   (916) 984-5472

Attorneys for Plaintiffs
MARY E. MARQUES-CARAMICO
and ACCESS NOW, INC.

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY E. MARQUES-CARAMICO and ACCESS NOW, INC., | ) Case No.: ) ) |
| Plaintiffs, | ) **COMPLAINT FOR INJUNCTIVE,** ) **DECLARATORY, AND** |
| vs. | ) **MONETARY RELIEF** ) |
| THE MAHROOM FAMILY PARTNERSHIP, LP, and DOES 1-50, inclusive, | ) ) ) |
| Defendants. | ) |

Plaintiffs MARY E. MARQUES-CARAMICO and ACCESS NOW, INC. bring this civil rights action against THE MAHROOM FAMILY PARTNERSHIP, LP and DOES 1-50, inclusive, pursuant to the Americans with Disabilities Act, the California Disabled Persons Act, the California Unruh Act, Part 5.5 of the California Health and Safety Code, the California Unfair Business Practices Act, and California common law. For their Complaint, Plaintiffs state as follows:

1

**THE PARTIES**

1.  Plaintiff MARY E. MARQUES-CARAMICO is a resident of Monterey County, California. MARY E. MARQUES-CARAMICO requires the use a wheelchair for traveling about in public. Consequently, MARY E. MARQUES-CARAMICO is a "physically handicapped person," a "physically disabled person," and a "person with disabilities" as those terms are used by the Americans with Disabilities Act and California statutes.

2.  Plaintiff ACCESS NOW, INC. (hereinafter referred to as "ACCESS NOW") is a non-profit corporation organized and existing under the laws of the State of Florida ("Association"), of which MARY E. MARQUES-CARAMICO is a member. The Association's members consist of both qualified individuals with disabilities (including, but not limited to, mobility impaired, hearing impaired and sight impaired) under and as defined by the ADA and the able-bodied. ACCESS NOW is engaged, <u>inter alia</u>, in seeking compliance with the ADA, educational efforts to correct violations when found, and when necessary and appropriate, litigation to require persons and entities in violation of the ADA to comply with the Act. One of the primary purposes of the Association is to represent its members to assure that public spaces and commercial premises are accessible to and useable by its members, to assure its members that they will not be excluded from participation in or be denied the benefits of the services, programs or activities of public accommodations, and to assure its members that they are not discriminated against because of their disabilities. The Association and its members, including but not limited to MARY E. MARQUES-CARAMICO, has suffered direct and indirect injury as a result of the Defendant's actions or inactions described herein. Within one year prior to the filing of this lawsuit, MARY E. MARQUES-CARAMICO personally and on

behalf of Plaintiff ACCESS NOW, visited the Defendant's premises, was unable to fully, and safely do so due to the Defendant's lack of compliance with the ADA. ACCESS NOW and its members, including MARY E. MARQUES-CARAMICO, continue to be discriminated against due to the Defendant's continued lack of compliance and their continued desire to visit the Defendant's premises. The Association also has been discriminated against because of its association with its members and their claims. By failing and refusing to make the premises accessible, the Defendant has subjected, and is subjecting, the membership of Plaintiff ACCESS NOW to unlawful discrimination and unequal treatment solely on the basis of their physical disabilities. The conduct of the Defendant, unless restrained by the Court, will cause Plaintiff ACCESS NOW irreparable injury.

3.  Defendant THE MAHROOM FAMILY PARTNERSHIP, LP is a California limited partnership with its principal place of business in Pacific Grove, Monterey County, California. Plaintiffs do not know the names of the individuals sued as DOE defendants, and have therefore sued those defendants using fictitious names. Plaintiffs will seek leave to amend its pleadings when those names are ascertained.

**JURISDICTION AND VENUE**

4.  This Court has subject matter jurisdiction because this action presents a federal question. This action arises from Defendant's violations of a federal statute, the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101 *et seq.* (the "ADA"). This Court has jurisdiction over those claims. (28 U.S.C. §§ 1331, 1343.) The Court also has supplemental jurisdiction over Plaintiffs' non-federal claims. (28 U.S.C. § 1367(a).)

5.  Venue is proper in this District because the place of public accommodation that is

the subject of this action is located in this District, and because Plaintiffs' causes of action therefore arose here.

### THE HOTEL

6. Defendant THE MAHROOM FAMILY PARTNERSHIP, LP owns and operates the Best Western Monarch Resort, located at 1111 Lighthouse Avenue, Pacific Grove, California 93950 (hereinafter the "HOTEL").

7. The HOTEL is a place of public accommodation; the general public is invite to come into the HOTEL to conduct business there.

8. The HOTEL is a commercial facility constructed in the State of California using private funds.

9. The HOTEL is characterized by architectural barriers that prevent access by persons with disabilities. Those barriers include, but are not limited to, the following:

    a. The HOTEL's accessible guest room is non-compliant, and lacks an accessible roll-in shower;

    b. The swimming pool is inaccessible;

    c. There is no safe, accessible path of travel from the streets, sidewalks, and public transportation to the HOTEL.

10. Each of these architectural barriers violates the statutory and regulatory requirements of the Americans with Disabilities Act Accessibility Guidelines, 28 C.F.R. Part 36, Appendix A (the "ADAAG") and/or Title 24 of the California State Building Code.

11. Defendant has an obligation to remove architectural barriers and to establish policies, practices, and procedures, including budgetary policies, practices, and procedures, in

1  order to prevent persons with disabilities from using the public accommodations present at the
2  HOTEL.

3　　　　12.　　Defendant could easily make the HOTEL accessible to Plaintiff and other
4  individuals with disabilities by removing the architectural barriers present, by making
5  reasonable modifications in policies, practices, or procedures, including policies, practices, and
6  procedures regarding allocation of funds for removal of architectural barriers, and by taking
7  other steps to ensure that Plaintiffs and other individuals with disabilities are not treated
8  differently than other individuals.

9　　　　13.　　Within the past year, MARY E. MARQUES-CARAMICO and other members of
10  ACCESS NOW have attempted to use the facilities provided by the HOTEL, but have been
11  prevented from doing so by the architectural barriers present. MARY E. MARQUES-
12  CARAMICO and other members of ACCESS NOW have also been deterred from attempting
13  to use the facilities provided by the HOTEL because they are on notice that the HOTEL is
14  inaccessible.

15　　　　14.　　Defendant's failure to remove the barriers that prevent MARY E. MARQUES-
16  CARAMICO from using the public accommodations provided by the HOTEL constitute
17  discrimination against him on the basis of his disability.  There are other current violations of
18  the ADA at the HOTEL, owned and operated by Defendant, which were not specifically
19  identified herein as the Plaintiffs are not required to engage in a futile gesture pursuant to 28
20  C.F.R. Part 36, §36.501 and, as such, only once a full inspection is performed by Plaintiffs or
21  Plaintiffs' representatives can all said violations be identified.
22

## FIRST CAUSE OF ACTION

### Violation of the ADA

### 42 U.S.C. §§ 12182-12183

15. Plaintiffs incorporate the foregoing paragraphs as though fully restated.

16. Title III of the ADA prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation. (42 U.S.C. § 12182(a).)

17. Title III specifically provides that it is a violation of the ADA when an owner, lessee, or lessor of a place of public accommodation fails to remove architectural barriers in existing facilities where such removal is readily achievable. (42 U.S.C. § 12182(b)(2)(A)(iv).)

18. Defendant is the owner, lessee, or lessor of a place of public accommodation, to wit, the HOTEL.

19. Removal of the architectural barriers described above is readily achievable, yet Defendant has not removed them.

20. Even if Defendant could demonstrate that removal of the barriers is not readily achievable, it still has an obligation to "make such goods, services, facilities, privileges, advantages, or accommodations available through alternative methods" if such alternative methods are readily achievable. (42 U.S.C. § 12182(b)(2)(A)(v).) Alternative methods by which Defendant could make its goods, services, facilities, privileges, advantages, and accommodations available to persons with disabilities are readily achievable, but Defendant has failed to do so.

21. When alterations are made to a commercial facility such as the HOTEL, and

1  when such alterations affect or could affect the usability of the facility or some part thereof,
2  Title III of the ADA prohibits "a failure to make alterations in such a manner that, to the
3  maximum extent feasible, the altered portions of the facility are readily accessible to and usable
4  by individuals with disabilities, including individuals who use wheelchairs." 42 U.S.C. §
5  12183(a)(2).

6      22.    Plaintiffs are informed and believe, and thereupon allege, that alterations have
7  been made to the HOTEL since the effective date of the ADA, and Defendant failed to make
8  such alterations in such a manner as to make the altered portions of the facility readily
9  accessible to and usable by individuals with disabilities.

10     23.    Defendant's conduct, as set forth above, constitutes an ongoing and continuous
11 violation of the ADA. Unless an injunction issues prohibiting Defendant from engaging in such
12 conduct in the future, Defendant will continue to violate the law, and will continue to inflict
13 injuries for which Plaintiffs have no adequate legal remedy.

14 Wherefore, Plaintiffs pray for relief as set forth below.

## SECOND CAUSE OF ACTION

### Violation of the California Disabled Persons Act

### Cal. Civil Code §§ 54, *et seq.*

18     24.    Plaintiffs incorporate the foregoing paragraphs as though fully restated.

19     25.    The California Disabled Persons Act provides that individuals with disabilities
20 shall be entitled to full and equal access, as other members of the general public, to places of
21 public accommodation. (Cal. Civil Code § 54.1(a)(1).)

22     26.    The California Disabled Persons Act specifically provides that any violation of

the ADA is also a violation of that Act. (Cal. Civil Code § 54.1(d).)

27. MARY E. MARQUES-CARAMICO and members of ACCESS NOW are "persons" within the meaning of Section 54.1 of the California Civil Code.

28. Defendant's acts and omissions, as set forth above, constitute a denial of full and equal access to the HOTEL, a place of public accommodation. Specifically, the architectural barriers created and maintained by Defendant at the HOTEL deny MARY E. MARQUES-CARAMICO and members of ACCESS NOW safe, immediate, and private access to the public facilities at the HOTEL.

29. Defendant's acts and omissions constitute discrimination against MARY E. MARQUES-CARAMICO and members of ACCESS NOW on the sole basis of their physical disabilities.

30. A separate violation of the California Disabled Persons Act has been committed for each violation of the ADA that resulted in discrimination against MARY E. MARQUES-CARAMICO, and for each violation of the ADA that resulted in discrimination against any member of ACCESS NOW.

31. A separate violation of the California Disabled Persons Act has been committed for each day MARY E. MARQUES-CARAMICO visited the HOTEL and was denied full and equal access to its public facilities, and for each day that any member of ACCESS NOW was denied such access.

32. A separate violation of the California Disabled Persons Act has been committed for each day MARY E. MARQUES-CARAMICO was deterred from visiting the HOTEL because they were on notice that it was inaccessible, and for each day that any member of

ACCESS NOW was so deterred.

33. MARY E. MARQUES-CARAMICO and members of ACCESS NOW have been damaged by Defendant's wrongful conduct.

34. MARY E. MARQUES-CARAMICO and members of ACCESS NOW are entitled to three times their actual damages, but in no case less than four thousand dollars, for each violation of the Disabled Persons Act committed by Defendant. (Civ. Code § 54.3(a).)

35. Defendant's conduct, as set forth above, constitutes an ongoing and continuous violation of the Disabled Persons Act. Unless an injunction issues prohibiting Defendant from engaging in such conduct in the future, Defendant will continue to violate the law, and will continue to inflict injuries for which Plaintiffs have no adequate legal remedy.

Wherefore, Plaintiffs pray for relief as set forth below.

**THIRD CAUSE OF ACTION**

**Violation of the Unruh Civil Rights Act**

**California Civil Code §§ 51, 51.5, and 52**

36. Plaintiffs incorporate the foregoing paragraphs as though fully restated.

37. Any violation of the ADA also constitutes a violation of the Unruh Civil Rights Act. (Cal. Civ. Code § 51.)

38. The Unruh Civil Rights Act prohibits any business establishment from discriminating against any person because of the person's disability or, in the event of an organization such as ACCESS NOW, the disability of its members. (Cal. Civ. Code § 51.5.)

39. Defendant is a business establishment as that term is used in Section 51.5 of the California Civil Code.

40. MARY E. MARQUES-CARAMICO and ACCESS NOW are persons as that term is used in Section 51.5 of the California Civil Code.

41. A separate violation of the Unruh Civil Rights Act has been committed for each violation of the ADA that resulted in discrimination against MARY E. MARQUES-CARAMICO, and for each violation of the ADA that resulted in discrimination against any member of ACCESS NOW.

42. A separate violation of the Unruh Civil Rights Act has been committed for each day MARY E. MARQUES-CARAMICO visited the HOTEL and was denied full and equal access to its public facilities, and for each day that any member of ACCESS NOW was denied such access.

43. A separate violation of the Unruh Civil Rights Act has been committed for each day MARY E. MARQUES-CARAMICO was deterred from visiting the HOTEL because they were on notice that it was inaccessible, and for each day that any member of ACCESS NOW was so deterred.

44. MARY E. MARQUES-CARAMICO and members of ACCESS NOW have been damaged by Defendant's wrongful conduct.

45. MARY E. MARQUES-CARAMICO and members of ACCESS NOW are entitled to three times their actual damages, but in no case less than four thousand dollars, for each violation of the Disabled Persons Act committed by Defendant. (Civ. Code § 52(a).)

46. Defendant's conduct, as set forth above, constitutes an ongoing and continuous violation of the Unruh Civil Rights Act. Unless an injunction issues prohibiting Defendant from engaging in such conduct in the future, Defendant will continue to violate the law, and

will continue to inflict injuries for which Plaintiffs have no adequate legal remedy.

Wherefore, Plaintiffs pray for relief as set forth below.

## FOURTH CAUSE OF ACTION

### Denial of Full and Equal Access to a Person with Physical Disabilities

### California Health & Safety Code §§ 19955 *et seq.*

47. Plaintiffs incorporate the foregoing paragraphs as though fully restated.

48. Section 19955(a) of the California Health and Safety Code requires that public accommodations constructed or modified after July 1, 1970 comply with the accessibility requirements of the California Government Code in effect at the time of construction or modification.

49. Section 19955(a) was amended effective September 30, 1973, to require that, as to public accommodations constructed or modified after that date, "when sanitary facilities are made available for the public, … they shall be made available for the physically handicapped."

50. Plaintiffs are informed and believe, and thereupon allege, that the HOTEL was constructed or modified after July 1, 1970.

51. Plaintiffs are informed and believe, and thereupon allege, that such construction or modification did not comply with the statutory accessibility requirements in effect at the date of such construction or modification.

52. Defendant makes sanitary facilities available to the public at the HOTEL.

53. Plaintiffs are informed and believe, and thereupon allege, that the portion of the HOTEL that contains the sanitary facilities was constructed or modified after September 30, 1973.

54. For the reasons set forth above, the sanitary facilities at the HOTEL are not accessible to the physically handicapped.

55. Plaintiffs have standing to assert this cause of action pursuant to Section 19953 of the Health and Safety Code, which provides that "[a]ny person who is aggrieved or potentially aggrieved by a violation of … Part 5.5 (commencing with Section 19955) of Division 13 of the Health and Safety Code may bring an action to enjoin the violation."

56. Defendant's conduct, as set forth above, constitutes an ongoing and continuous violation of the Health and Safety Code. Unless an injunction issues prohibiting Defendant from engaging in such conduct in the future, Defendant will continue to violate the law, and will continue to inflict injuries for which Plaintiffs have no adequate legal remedy.

**57.** Wherefore, Plaintiffs pray for relief as set forth below.

### FIFTH CAUSE OF ACTION

### Unfair Business Practices

### California Business and Professions Code §§ 17200 *et seq.*

58. Plaintiffs incorporate the foregoing paragraphs as though fully restated.

59. Section 17203 of the California Business and Professions Code provides that any person who engages in unfair competition may be enjoined in any court of competent jurisdiction.

60. Section 17200 of the California Business and Professions Code defines unfair competition as including "any unlawful … business act or practice."

61. Defendant's failure to remove the architectural barriers to access by disabled persons is an "unlawful business act or practice" because it violates the ADA, the California

Disabled Persons Act, the Uhruh Civil Rights Act, and the California Health and Safety Code.

62. As a result of Defendant's violation of State and Federal Law, Plaintiffs have suffered damages in an amount to be proved at trial.

63. Defendant continues to deny physically disabled persons access to the HOTEL. Unless an injunction issues prohibiting Defendant from engaging in such conduct in the future, Defendant will continue to violate the law, and will continue to inflict injuries for which Plaintiffs have no adequate legal remedy.

64. Wherefore, Plaintiffs pray for relief as set forth below.

## SIXTH CAUSE OF ACTION

### Negligence Per Se

65. Plaintiffs incorporate the foregoing paragraphs as though fully restated.

66. Defendant had a legal duty to comply with the ADA, the California Disabled Persons Act, the Uhruh Civil Rights Act, and the California Health and Safety Code.

67. Defendant breached its legal duty to comply with those statutes, as set forth above.

68. Plaintiffs are members of the class of persons for whose protection the ADA, the California Disabled Persons Act, the Uhruh Civil Rights Act, and the California Health and Safety Code were enacted.

69. Plaintiffs have been injured by Defendant's violations of those statutes. Such injury was in the nature of injuries the statutes were intended to prevent, and was a foreseeable result of Defendant's violations.

70. Wherefore, Plaintiffs pray for relief as set forth below.

**SEVENTH CAUSE OF ACTION**

**Declaratory Relief**

71. Plaintiffs incorporate the foregoing paragraphs as though fully restated.

72. Plaintiffs are informed and believe, and thereupon allege, that there is a genuine dispute as to Defendant's obligation to remove the architectural barriers described above.

73. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

74. Wherefore, Plaintiffs pray for relief as set forth below.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs MARY E. MARQUES-CARAMICO and ACCESS NOW, Inc., pray for relief as follows:

A. For preliminary and final injunctive relief compelling Defendant to alter the HOTEL to make it accessible to and useable by individuals with disabilities to the full extent required by Title III of the ADA, the California Disabled Persons Act, the Uhruh Civil Rights Act, and the California Health and Safety Code.

B. For preliminary and final injunctive relief prohibiting Defendant from violating the ADA, the California Disabled Persons Act, the Uhruh Civil Rights Act, and the California Health and Safety Code.

C. For preliminary and final injunctive relief compelling Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities.

D. For a judicial declaration that Defendant owns, operates, and/or maintains the HOTEL in a manner that discriminates against persons with physical disabilities and which fails to provide full access for persons with disabilities as required by

1     law.

2     E.     For compensatory damages according to proof.

3     F.     For reasonable attorney's fees pursuant to statute.

4     G.     For costs of suit.

5     H.     For such other relief, at law or in equity, that the Court may determine is appropriate and just.

DATED: April _____ 2003         SCHWARTZ, ZWEBEN & ASSOCIATES, LLP

_____
Keith D. Cable, Esq.
*Attorney for Plaintiffs MARY E. MARQUES-CARAMICO and ACCESS NOW, Inc.*